OTIS PATRICK V. STATE

No. 25363. October 3, 1951.
On Appellant Motion to Reinstate Appeal
November 14, 1951.

Hon. Max M. Rogers, Judge Presiding.

*Bracewell & Wright,* by *Reginald Bracewell, Huntsville,* for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of assault with intent to murder and assessed eighteen months in the penitentiary.

The record in the case shows that an appeal bond was filed during the term of court, which recites that no recognizance was entered into during the term. Under the state of the record this court has no jurisdiction and the appeal is accordingly dismissed.

### ON APPELLANT'S MOTION TO REINSTATE APPEAL

DAVIDSON, Judge.

It now being made to appear that a recognizance was properly entered into in the trial court, appellant's motion to reinstate the appeal is granted and the case will be disposed of upon its merits.

The conviction is for assault with intent to murder without malice.

The injured party was the estranged wife of the appellant; they were living separate and apart. According to the state's testimony, appellant, without justification or excuse stabbed the injured party in the left cheek, the right breast, and the groin, inflicting serious bodily injuries as a result of which the injured party was hospitalized.

Appellant did not deny the stabbing. He did deny, however, an intent to kill, and sought a suspension of sentence.

Appellant complains of the action of the trial court in refusing to permit a witness to testify in support of appellant's good reputation.

According to the bill of exception, the witness did not show himself qualified to testify relative thereto, because the opinion which the witness would have expressed was based upon his own personal beliefs and not upon the general reputation of the appellant as to the trait of character inquired about.

In Watson, v. State, No. 25,446, from Bexar County, decided November 7, 1951, Rehearing Denied January 9, 1952, (Page 585 of this volume) the rule was again followed which requires that a character witness must base his testimony upon the general reputation of the person involved and not upon the witness's individual opinion.

We note that in passing sentence upon the appellant the trial court failed to apply the provisions of the indeterminate sentence law (Art. 775, C. C. P.) Tucker v. State, 136 Tex. Cr. R. 586, 127 S. W. 2d 300; Swidan v. State (Page 29 of this volume), 238 S. W. 2d 537. Accordingly, the sentence is now reformed so as to fix appellant's punishment at not less than one year nor more than eighteen months in the penitentiary, the minimum punishment for the instant offense being, under Art. 1160, P. C., one year.

No error appearing, and the sentence being reformed, the judgment is affirmed.

Opinion approved by the court.